IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANTHONY A. NASH,           )
                           )
            Plaintiff,     )
                           )
      v.                   ) Civ. Action No. 16-896-GMS
                           )
CONNECTIONS CSP, INC., et al.,  )
                           )
            Defendant.     )

## MEMORANDUM

The plaintiff, Anthony A. Nash ("Nash"), an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) Nash appears *pro se* and has paid the filing fee.

## I. BACKGROUND

A few days after he commenced this action, Nash filed a motion for a temporary restraining order and preliminary injunction asserting that the defendants and the Delaware Department of Correction ("DOC") retaliated against him when medication he was prescribed was canceled for non-medical reasons. (D.I. 4, 5, 6.) He also seeks an order to prevent the defendants from transferring him to another correctional facility. In addition, Nash filed a letter/motion for default judgment against the State defendants on the grounds that they did not timely respond to his motion. (D.I. 19.) Finally, he moves to amend. (D.I. 22, 23.)

## II. INJUNCTIVE RELIEF

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Nash contends that he is not receiving necessary dental treatment and claims the treatment he needs is denied him as retaliation. He also seeks to stop any retaliatory transfers. State Defendant C/O Clark opposes the motion and provides Nash's medical records.[2] (D.I. 20, 21.) Nash also submitted medical records. (D.I. 26.)

Plaintiff complains that he has been at the HRYCI for 31 months and has not received any fillings or cleanings. The records indicate that Nash has presented on numerous occasions with dental complaints and has received treatment, including the extraction of several teeth. For example, he received dental care or examination in October 2014, April 2015, May 2015, November 2015, July 2016, and October 2016. In addition, there is no indication that treatment was refused him in a retaliatory manner.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not

---

[2]The medical defendants have not yet been served.

pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted). The record reflects that despite plaintiff's claims, he has received dental care, albeit, apparently not to his liking.

Finally, Nash's claim to preclude his transfer to another institution fails. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona*, 461 U.S. 238, 251(1983).

Given the record before the court, Nash has not demonstrated the likelihood of success on the merits. Therefore, the court will deny the motion for injunctive relief. (D.I. 4.) The court will also deny the plaintiff's motion for default judgment. (D.I. 19.)

## III. MOTIONS TO AMEND

Nash has filed a motion for leave to file a third amended complaint (D.I. 22) and a motion for leave to file a fourth amended complaint (D.I. 23). The court will grant the motion for leave to file a fourth amended complaint and will deny as moot the motion for leave to file a third amended complaint. The proposed fourth amended complaint identifies the defendant Mary Parker who is misnamed and properly names her as Mary Helen Stewart. It also adds new defendants Mitchell A. White, P.A., Marc D. Richman, Ph.D., Bureau of Correctional Healthcare Services, Bureau Chief, and John/Jane Doe, BCHS site liaison. A service order will issue.

## IV. CONCLUSION

For the above reasons, the court will: (1) deny the plaintiff's motion for a temporary restraining order and preliminary junction (D.I. 4); (2) deny the plaintiff's motion for default judgment (D.I. 19); (3) deny as moot the plaintiff's motion for leave to file a third amended complaint (D.I. 22); and (4) grant the plaintiff's motion for leave to file a fourth amended complaint (D.I. 23).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_Jan 20_, 2017

Wilmington, Delaware

4