IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. NASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-896-GMS |
| | ) |
| CONNECTIONS CSP, INC., et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Anthony A. Nash ("Nash"), an inmate at the Howard R. Young

Correctional Institution, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1]

(D.I. 3.) Nash appears *pro se* and has paid the filing fee. The operative amended complaint is

found at D.I. 39. Presently before the Court are Nash's motion for reconsideration and requests

for entry of default. (D.I. 40, 41, 42, 45, 50)

**I. MOTION FOR RECONSIDERATION**

On January 23, 2017, the court denied Nash's motion for injunctive relief wherein he

contended that he was not receiving necessary dental treatment and claimed the treatment he

needs is denied him as retaliation. (D.I. 37, 38.) Nash moves for reconsideration and has also

amended the motion. (D.I. 41, 45.)

The standard for obtaining relief under Rule 59(e) is difficult for Nash to meet. The

purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present

newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d

669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds:

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

In denying the motion for injunctive relief the court reviewed the motion, the record, and the applicable law. The court has again reviewed the record and finds that Nash has failed to demonstrate any grounds to warrant reconsideration of the January 23, 2017 order. Therefore, the court will deny the motions for reconsideration. (D.I. 41, 45.)

## II. REQUESTS FOR ENTRY OF DEFAULT

Nash requests entry of default as to the defendants Connections CSP, Inc., C/O Clark, Mary Parker, Taurance Bishop, Christine Claudio, Karen Lewis, Tracy Crews, and Doctor Phillips. (D.I. 40, 42, 50.) Pursuant to Fed. R. Civ. P. 55(a), when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Default may be entered only against a party who has been properly served. *See United States v. One Toshiba*

*Color Television*, 213 F.3d 147, 156 (3d Cir. 2000). Here, C/O Clark has been properly served while the defendants Connections CSP, Inc., Mary Parker, Taurance Bishop, Christine Claudio, Karen Lewis, Tracy Crews, and Doctor Phillips have yet to be served. (*See* D.I. 9, receipt of service via electronic means.) Therefore, entry of default is appropriate as to C/O Clark but, at this time, is not appropriate as to Connections CSP, Inc., Mary Parker, Taurance Bishop, Christine Claudio, Karen Lewis, Tracy Crews, and Doctor Phillips. Accordingly, the court will grant Nash's requests for entry of default (D.I. 40, 41, 50) as to C/O Clark and otherwise denied as to the remaining defendants.

## III. CONCLUSION

For the above reasons, the court will: (1) deny the plaintiff's motion for reconsideration and amended motion for reconsideration (D.I. 41, 45); (2) grant the plaintiff's requests for entry of default as to C/O Clark (D.I. 40, 42, 50); and deny the plaintiff's requests for entry of default as to Connections CSP, Inc., Mary Parker, Taurance Bishop, Christine Claudio, Karen Lewis, Tracy Crews, and Doctor Phillips (D.I. 40, 42).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

March 31, 2017

Wilmington, Delaware

3