IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. NASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-896-GMS |
| | ) |
| CONNECTIONS CSP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Anthony A. Nash ("Nash"), an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) Nash appears *pro se* and has paid the filing fee. The operative fourth amended complaint is found at D.I. 39. Presently before the Court are several motions filed by the parties. (D.I. 56, 57, 58, 67, 69, 70, 71, 76.)

**I. MOTIONS TO AMEND**

Nash moves to amend to add supplemental state tort claims against the defendants Connections CSP, Inc. ("Connections"), Taurance Bishop ("Dr. Bishop"), and proposed new defendant Jason Justinson ("Dr. Justinson") related to dental treatment provided him. (D.I. 69.) Nash provided a copy of the proposed supplemental state claims with his motion. He has also filed a motion for clarification which seeks confirmation that the court will exercise jurisdiction over the supplemental state claims. (D.I. 70.) The court will grant the motions.[2] (D.I. 69, 70.)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] In Delaware, medical negligence is governed by the Delaware Health Care Negligence Insurance and Litigation Act. *See* 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical

Nash will be ordered to file a fifth amended complaint that contains all federal and state claims in one pleading. Upon the filing of a fifth amended complaint, a second supplemental service order will issue. Service will not take place on the federal and state claims until Nash files a fifth amended complaint that contains all federal and state claims in one document. Should Nash fail to file a fifth amended complaint within the time provided, then service will proceed on the fourth amended complaint found at D.I. 39 as set forth in the March 20, 2017 supplemental service order (D.I. 53).

Nash has amended the complaint numerous times. He is placed on notice that the court will not entertain further motions to amend until service packets have been forwarded to the United States Marshals Service ("USMS") on either the fifth amended complaint, or the fourth amended complaint should he fail to timely amend.

## II. MOTIONS REGARDING SERVICE

Nash has filed several letters/motions seeking to amend the March 20, 2017 supplemental service order and to give him additional time to comply with that order. (D.I. 56, 57, 58, 68.)[3] Nash had previously sought to serve the individual medical defendants at the Howard R. Young Correctional Institution in Wilmington, Delaware, and Connections at an address in Newark, Delaware, and the USMS calculated the service fees for seven defendants, totaling $467.84, based upon the addresses Nash provided.

---

testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. The statute specifically excludes dentists from this requirement. *See* 18 Del. C. §6801(5) ("health care provider" means a person, corporation, facility or institution licensed by this State pursuant to Title 24, excluding Chapter 11 (*i.e.*, dentistry and dentistry hygiene).

[3]D.I. 68 is identical to D.I. 56.

2

On April 10, 2017, Nash asked the court to issue eight summonses for the defendants: Connections, Christine Claudio, Karen Lewis, Tracey Crews, Dr. Taurance Bishop, Mary Helen Stewart ("Stewart"),[4] Mitchell A. White, and Dr. Phillips. (D.I. 72.) He also submitted USM-285 forms for the foregoing defendants. Nash advises the court that he wishes to serve all medical defendants upon Catherine D. McKay, Connections' CEO and President at Connections' corporate address, 3821 Lancaster Pike, Wilmington, Delaware. It has come to the court's attention that Steven Davis, Esquire, is the agent authorized to accept service on behalf of Connections. Nash explains that he has learned that the HRYCI would not accept service for any of the medical defendants.

The court will grant the motions to extend time to comply with the supplemental service order and to amend the supplemental service order (to the extent that Nash does not file a fifth amended complaint) so that service of the fourth amended complaint (D.I. 39) may be attempted upon the eight listed defendants (including Stewart) at the Connections' address Nash has provided. (D.I. 56, 57, 58.) The USMS informs the court that the cost of service totals $525.35 ($65.00 x 8 defendants plus $5.35 mileage to 3821 Lancaster Pike, Wilmington, Delaware). Nash previously remitted $467.84 before moving to amend the supplemental service order. Therefore, he must submit the difference $57.51 ($525.35 less $467.84) before service packets with the fourth amended complaint will be forwarded to the USMS.

To the extent that Nash proceeds on a newly filed fifth amended complaint which includes added defendant Dr. Justinson, plus the eight defendants listed above, the cost of service

---

[4]The court had not been notified that Stewart had failed to return the waiver of service form at the time it issued the March 20, 2017 supplemental service order. (*See* D.I. 53, 55.) Hence, the order did not provide for her personal service.

3

totals $590.35 ($65.00 x 9 defendants plus $5.35 mileage to 3821 Lancaster Pike, Wilmington, Delaware). As noted, Nash previously remitted $467.84. Therefore, for service of the fifth amended complaint, he must submit the difference $122.51 ($590.35 less $467.84) before service packets with the fifth amended complaint will be forwarded to the USMS.

## III. MOTION FOR SANCTIONS

Nash seeks sanctions against the defendant C/O Clark ("Clark") on the grounds that Clark failed to respond to the court's October 28, 2016 service order. (D.I. 67.) Nash has failed to set forth adequate grounds for the imposition of sanctions. In addition, Clark responded to the order at issue on the same day that Nash filed his motion for sanction. (D.I. 59.) Accordingly, the court will deny Nash's motion for sanctions. (D.I. 67.)

## IV. MOTION TO SET ASIDE ENTRY OF DEFAULT

On March 31, 2017, the court granted Nash's request for entry of default as to Clark and, on April 4, 2017, Clark's entry of default was docketed. (D.I. 62, 66.) Clark filed a waiver of service returned executed and answered the amended complaint on March 30, 2017, one day prior to the day that the court granted Nash's request and several days prior to the docketing of the entry of default. (D.I. 59, 60.)

Clark moves to set aside entry of default pursuant to Fed. R. Civ. P. 55(c) and, in turn, Nash moves for default judgment. (D.I. 71, 73.) Given the timing of events, the court will grant Clark's motion to set aside entry of default.[5] (D.I. 71.) In addition, default judgment is not

---

[5]Clark contends there was improper service and engages in a discussion regarding receipt of USM-285 forms, service upon the Attorney General of the State of Delaware, and payment of service fees with regard to Clark (given that Nash has paid the filing fee); none of which are required in this case. The service of process of Clark falls under the ambit of the February 8, 2016 standing order that incorporates a memorandum of understanding among the court, the Delaware Department of Correction ("DOC"), and the Delaware Department of Justice, for e-

4

appropriate and, therefore, the court will deny Nash's motion for default judgment. (D.I. 73.) *See* Fed. R. Civ. P. 55(a), (b); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court); *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 847 (D.N.J. 2008) (entry of default judgment is disfavored as decisions on the merits are preferred.).

## V. DISCOVERY

Plaintiff has filed several discovery requests that are directed to served and unserved defendants. (*See* D.I. 63, 64, 65.) He now moves to amend his request for production of documents. (D.I. 76.) The court will deny the motion without prejudice as premature. The defendants have yet to be served and a scheduling and discovery has not yet been entered.

## VI. CONCLUSION

For the above reasons, the court will: (1) grant Nash's letters/motions to amend the supplemental service order (D.I. 56, 57); (2) grant Nash's motion to extend time to comply with supplemental service order (D.I. 58); (3) deny Nash's motion for sanctions (D.I. 67); (4) grant Nash's motions to amend (D.I. 69, 70); (5) grant Clark's motion to set aside entry of default (D.I. 71); (6) deny Nash's motion for default judgment (D.I. 73); and (7) deny without prejudice Nash's motion to amend request for production of documents (D.I. 76).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_____, 2017
Wilmington, Delaware

---

service of *pro se* complaints filed by individuals against the DOC and/or its current or former employees. *See* http://www.ded.uscourts.gov/sites/default/files/general-orders/E-Service (last visited Apr. 21, 2017).