# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. NASH | : |
| | : C.A. No. 16-00896-GMS |
| Plaintiff, | : |
| | : |
| v. | : TRIAL BY A JURY OF TWELVE |
| | : DEMANDED |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., et al. | : |
| | : |
| Defendant. | : |

**CONNECTIONS COMMUNITY SUPPORT PROGRAM, INC.'S RESPONSE TO THE PLAINTIFF'S MOTION FOR A PHYSICAL AND MENTAL HEALTH EXAMINATION**

In this lawsuit the Plaintiff Anthony Nash alleges that Connections Community Support Programs, Inc. and its medical and dental staff manifested a deliberate indifference to his dental hygiene, which caused an infection that ultimately lead to the extraction of some of his teeth. (*See* Fifth Am. Compl., D.I. 83) In addition to his constitutional based claims, Mr. Nash asserts state tort law claims of dental negligence, medical negligence, and intentional infliction of emotional distress. (*See id.*). In his motion for a Physical/Mental Health Examination, Mr. Nash seeks to invoke Rule 35 of the Federal Rules of Civil Procedure in order to obtain medical care and/or an expert. Plaintiff's motion must fail because there is no basis under Rule 35 to order a physical and mental health examination as requested by Mr. Nash and because plaintiff is not entitled to a court appointed expert.

Mr. Nash concedes in his complaint, and the medical records show, that he has received treatment for his conditions. (*See id.*) However, he is dissatisfied with the treatment and alleges

that it is inadequate.[1] (*See id.*) Generally, claims that dispute the adequacy of treatment require expert testimony to support that claim. That is especially true when the treatment at issue is outside the ken of a lay person. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 536 (3d Cir. 2017). Here, the crux of Mr. Nash's claim is that although his oral infections were treated, it was the lack of preventative dental care over a relatively short period of time that caused the infections to develop and prompted the need for extractions. Whether or not a failure to provide routine teeth cleanings and fillings can lead to the extraction of teeth cannot be objectively evaluated by a layperson. Likewise, Mr. Nash is required to provide expert testimony to establish his medical and dental negligence claims. 18 *Del. C.* § 6853(e); *Wagner v. Bethany Dental Assocs.*, 2010 Del. Super. LEXIS 4858, *1-2 (Del. Super. Jan. 22, 2010); *Spencer v. Goodill*, 2009 Del. Super. LEXIS 446 (Del. Super. Dec. 4, 2009). Thus, to establish his claims he needs experts, which he does not have.

To obtain these necessary expert opinions Mr. Nash submitted a motion pursuant to Rule 35 of the Federal Rules of Civil Procedure that requests that this Court order that he undergo a physical and mental health examination. (*See* Pl. Mot. for Physical and Mental Examination at, D.I. 151 ("Plaintiff seeks to corroborate his allegations with an experts [*sic*] report.")) Under Rule 35 of the Federal Rules of Civil Procedure, the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examination." Fed. R. Civ. P. 35(a)(1). The party seeking the examination must "specify the time, place, manner, conditions, and scope of examination, as well as the person or person who will perform it." *Id.* 35(a)(2)(B).

---

[1] Mr. Nash's claim of deliberate indifference is premised on a disagreement over his treatment. It is well-established that when a prisoner "receive[s] some medical attention and the dispute is over the adequacy of the treatment" he pleads a state medical negligence claim, which is insufficient to state a claim of deliberate indifference. *See United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (citation omitted).

-3-

This is not a situation where Rule 35 applies. Indeed, that rule is triggered when a physical or mental examination of a party is sought by an "*opposing party*." *Flakes v. Frank*, 2005 U.S. Dist. 8723, at *3 (W.D. Wis. May 6, 2005) (emphasis in original). None of the defendants in this case have requested that Mr. Nash submit to a physical examination. Thus, Mr. Nash cannot invoke Rule 35 as the authority for this Court to compel that he undergoes a physical or mental exam.[2]

As previously stated, this is a veiled attempt by Mr. Nash to obtain a sorely needed expert opinion. A *pro se* plaintiff, however, is not entitled to a court-appointed expert at the public's expense. *See Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987); *Devary v. Desrosiers*, 2013 U.S. Dist. LEXIS 135260, at *3-4 (D. Del. Sept. 19, 2013). Accordingly, Mr. Nash's motion must be denied.

WHITE AND WILLIAMS LLP

BY: /s/ Randall S. MacTough
Dana Spring Monzo (DE ID 4605)
Randall S. MacTough (DE ID 6108)
600 N. King Street, Suite 800 |
Wilmington, DE 19801-3722
Phone: 302.654.0424
Attorneys for Defendant,
Connections Community Support
Programs, Inc.

Dated: December 18, 2017

---

[2] And, even if Rule 35 applied, Mr. Nash did not specify the type (or types) of exam he seeks, the medical professional that would perform the exams, or when and where it would occur as required under Rule 35(a)(2)(B).