IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| ANTHONY A. NASH, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-896-GMS |
| | ) |
| CONNECTIONS CSP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Anthony A. Nash ("Nash"), an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 3.) Nash appears *pro se* and has paid the filing fee. He later sought, and was granted leave to proceed *in forma pauperis*. (D.I. 105, 116.) Before the Court are several motions filed by the parties. (D.I. 104, 111, 121, 127, 150, 151, 152.)

I.  **MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE**

The defendants Christine Claudio ("Claudio"), Karen Lewis ("Lewis"), Tracey Crews ("Crews"), Dr. Taurance Bishop ("Dr. Bishop"), Mary Helen Stewart ("Stewart"), Mitchell A. White ("White"), Mikelle Phillips (identified as Dr. Phillips) ("Phillips"), and Jason Justinson ("Justinson") (collectively "medical defendants") move to dismiss for insufficiency of service pursuant to Fed. R. Civ. P. 4(e) and Fed. R. Civ. P. 12(b)(5), on the grounds that the service packets were delivered to a Connections' employee who is not an agent authorized to accept service on behalf of any Connections' employees. (D.I. 104.) Nash opposes the motion.

A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the

time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) imposes a 90-day time limit for perfection of service following the filing of a complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the action is subject to dismissal without prejudice. *Id. See also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

First, the court notes that it has been advised that it is the policy of Connections CSP, Inc. ("Connections") that it, and its employees, will not waive service as set forth in Fed. R. Civ. P. 4(d). As a result, Connection employees must be personally served with a summons and complaint. The court also notes that in attempting to effect service, Nash has complied with all court orders and, because he had not yet sought *in forma pauperis* status, he paid all monies owed to the United States Marshals Service ("USMS") before service could be attempted.

As discussed, Nash in an incarcerated individual. As an incarcerated individual, Nash is left to rely upon the USMS to effectuate service. The USMS delivered the service packets (including summonses) to Theo Gregory ("Gregory") an individual employed by the defendant Connections. The medical defendants state that Gregory is not authorized to accept service on their behalves. Connections does not indicate why Gregory accepted the service packets when he was not authorized to accept service on behalf of these defendants.

Under Rule 12(b)(5), the Court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, the court will deny the motion to dismiss for insufficient service or process. (D.I. 104.)

2

Pursuant to Fed. R. Civ. P. 4(d), the medical defendants were required to waive service. They have taken the position that they will not waive service despite the fact that Rule 4(d) affirmatively imposes the "duty to avoid unnecessary expenses of serving the summons" upon the defendants. *Id.* If defendant "fails, without good cause, to sign and return [the] waiver" requested by plaintiff within a "reasonable time," the court "must impose on [defendant]": (A) the "expenses later incurred in making service"; and (B) the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *See* Fed. R. Civ. P. 4(d)(1)(F), 4(d)(2)(A), 4(d)(2)(B). In light of the foregoing, Nash will be given another opportunity to personally serve the medical defendants. Also, given the medical defendants' failure to waive service of summons under Fed. R. Civ. P. 4(d) in the first instance, each served medical defendant will be assessed service fees as allowed by the Federal Rules of Civil Procedure.

Finally, the court has a responsibility to assist *pro se* plaintiffs in the service of process. *See Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010). This court has entered orders to assist *pro se* plaintiffs in obtaining addresses of defendants so that service may be effected. *See also In re Johnson*, 2001 WL 1286254 (D.C. Cir. Sept. 28, 2001) (district court ordered individual to indicate where and when he was available for service of process or to provide district court with name and address of individual authorized to accept service of process on his behalf); *Palmer v. Stewart*, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (court ordered counsel for New York City to file an affidavit containing name and address to assist *pro se* plaintiff in service of process); *Garrett v. Miller*, 2003 WL 1790954 (N.D. Ill. Apr. 1, 2003) (counsel for defendants ordered to provide address to court to assist *pro se* plaintiff in obtaining service of process). Additionally,

the court's inherent power allows it to enter orders to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). Without the correct addresses, Nash cannot effect service.

Therefore, the court will order Connections (who has been served and entered its appearance) to provide to the court, under seal, the last known home and business addresses for Claudio, Lewis, Crews, Dr. Bishop, Stewart, White, Phillips, and Justinson, whether any of the foregoing individual are still employed by Connections, and if known, the correctional facility where they are now located, so that the medical defendants may be served.

## II. REQUEST FOR COUNSEL

Nash seeks counsel on the grounds that he is unable to afford counsel, counsel will assist him in the discovery process, he has limited law library access, he has unsuccessfully sought counsel, he is unskilled in the law, and has limited legal knowledge. (D.I. 111.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing the plaintiff's request, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in the case demonstrate the plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew the request for counsel. (D.I. 111.) Should the need for counsel arise later, one can sought at that time.

### III. MOTION FOR CONFERENCE AND PROTECTIVE ORDER

Nash moves for a Rule 26 discovery conference and for a protective order forbidding the disclosure of his factual and opinion work products and non-testifying experts/consultants. (D.I. 121.) The court entered a scheduling order on October 23, 2017. Therefore, there is no need for a discovery conference. In addition, a protective order is not needed with regard to work product. Should disclosure of discovery become an issue, the parties shall attempt to resolve the dispute prior to court intervention. If a resolution cannot be had, the parties may seek the court's assistance and provide the discovery sought to the court under seal for an in camera inspection. For these reasons, the court will deny the plaintiff's motion. (D.I. 121.)

## IV. DISCOVERY MOTIONS

### A. Motion to Take Deposition

Nash moves for leave to depose the defendant C/O Elliot Clark ("Clark") and asks the court to defer costs associated with the deposition until entry of final judgment. (D.I. 127.) The State defendants oppose the motion. (D.I. 131.)

The court has no authority to finance or pay for a party's discovery expenses. *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa.1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (*in forma pauperis* statute does not require government to advance funds for deposition expenses); *Toliver v. Community Action Comm'n to Help the Econ.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for pro se in forma pauperis plaintiff); *Ronson v. Commissioner of Corr. for State of N.Y.*, 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent prisoner's motion to depose physician at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); *Ebenhart v. Power*, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").

In addition, taking Clark's deposition would entail stenographic or court reporter expenses which this court is not authorized to pay. Nor may the court pay the costs and defer reimbursement from Nash pending the outcome of this case. It is plaintiff's responsibility to pay for the costs associated with the taking of the deposition. It is evident from his motion that he

does not have the means to pay those expenses for taking a deposition. Therefore, the court will deny without prejudice the motion for leave to depose Clark. (D.I. 127.)

### B. Motion to Determine Sufficiency of Defendants' Responses to Requests for Admissions

Nash moves the court for an order determining the sufficiency of the State defendants' responses to requests for admissions. (D.I. 150.) The court has reviewed the responses and finds the responses adequate. The motion will be dismissed.

### C. Motion for Physical and Mental Examination

Nash move the court for his physical and mental examination. (D.I. 151.) Rule 35 does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the request of an opposing party. Additionally, Nash does not indicate who will bear the cost for the proposed examinations. Regardless, no civil litigant, even an indigent one, has a legal right to such aid. *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003) (unpublished). Accordingly, the court will deny the motion. (D.I. 151.)

## V. MOTION TO CONSOLIDATE CASES

Nash moves to consolidate the instant case with Civ. No. 17-1359-RGA, *Salaam-Roane v. Connections CSP, Inc.* (D. Del.), on the grounds that this case and Civ. No. 17-1359-RGA are identical, "even down to the same 2 teeth." (D.I. 152.) Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact . . . to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "District courts have the inherent

authority to order consolidation *sua sponte*." *Plimpton v. Cooper*, 141 F. Supp. 2d 573, 575 (W.D. N.C. 2001) (citing *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444 (4th Cir. 1999)).

The court will deny the motion. The two actions have different plaintiffs and the incidents that give rise to each plaintiff's claim occurred in different years; the instant case in 2014 and Civ. No. 17-1359-RGA in 2017.

## VI. CONCLUSION

For the above reasons, the court will: (1) deny the medical defendants' motion to dismiss for insufficiency of process (D.I. 104); (2) deny without prejudice to renew the plaintiff's request for counsel (D.I. 111); (3) deny the plaintiff's motion for conference and protective order (D.I. 121); (4) deny without prejudice the plaintiff's motion to take the deposition of Elliot Clark (D.I. 127); (5) dismiss the plaintiff's motion for an order determining the sufficiency of State defendants' responses to requests for admissions (D.I. 150); (6) deny the plaintiff's motion for a physical and mental examination (D.I. 151); and (7) deny the plaintiff's motion to consolidate cases (D.I. 152).

An appropriate order will be entered.

Dec 19, 2017
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE