IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. NASH<br><br>    Plaintiff,<br><br>v.<br><br>CONNECTIONS CPS, INC., et al.<br><br>    Defendants. | C.A. No. 16-00896-GMS<br><br>TRIAL BY A JURY OF TWELVE DEMANDED |

**CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC.'S
RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE**

  In this lawsuit the Plaintiff Anthony Nash alleges that Connections Community Support Programs, Inc. and its medical and dental staff manifested a deliberate indifference to his dental hygiene which caused an infection that ultimately lead to the extraction of some of his teeth. (*See* Fifth Am. Compl., D.I. 83)  He brings another deliberate indifference claim against Mitchell A. White, P.A. that arises from the cancellation of penicillin and another medication used to treat a condition unrelated to his dental issues.  (*See* Fifth Am. Compl. ¶ 9, D.I. 83)  In addition to his constitutional based claims, Mr. Nash asserts state tort law claims of dental negligence, medical negligence, and intentional infliction of emotional distress.  (*See id.*)

  Mr. Nash recently filed a motion to consolidate his lawsuit with Quadrey Salaam Roane's lawsuit, C.A. No. 17-359-RGA, who is also an inmate.  (Pl. Mot. to Consolidate, D.I. 152)  Mr. Nash does not explain why these two actions should be consolidated, other than a brief mention that Mr. Roane and Mr. Nash had two of the same teeth extracted.  (*Id.*)

  Mr. Roane's complaint, which repeats verbatim the legal claims asserted in Mr. Nash's complaint, alleges that CCSP and Mr. White manifested a deliberate indifference to his serious

dental needs. (*Id.*, Ex. A)  Mr. Roane filed his complaint on September 27, 2017, but as of the date of Mr. Nash's motion to consolidate none of the defendants have been served. (Civil Docket for C.A. 17-1359-RGA, Ex. A)  The central theme of the two lawsuits is similar.  Both Mr. Nash and Mr. Roane allege that they complained of tooth pain, but their complaints were not adequately addressed. (*Compare* Fifth Am. Compl. with Pl. Mot. to Consolidate, Ex. A)  Furthermore, they both allege that it was not until they presented with an emergent situation that their issue was addressed. (*Id.*)  But the commonality of their actions stops there.

Mr. Nash named eleven defendants, only two of which are named in Mr. Roane's Complaint (CCSP and Mitchell A. White, P.A.).  The claims against one of the common defendants, Mr. White, are distinct.  Mr. Nash claims that Mr. White on one occasion cancelled penicillin and another medication for an unknown reason (Fifth Am. Compl. ¶ 9). Mr. Roane, however, alleges that he notified Mr. White that he suspected a tooth infection, but Mr. White believed that issue was related to a fight. (Pl. Mot. to Consolidate, Ex. A at ¶¶ 10-11)  Moreover, the misconduct alleged by Mr. Nash and Mr. Roane took place during different timeframes.  Mr. Nash's allegations arise from an incident that occurred between September, 2014 and October, 2014 as well other incidents in October, 2016. (*See* Fifth Am. Compl.)  On the other hand, Mr. Roane alleges that he experienced inadequate treatment between May 1, 2017 and August 20, 2017. (Pl. Mot. to Consolidate, Ex. A)  Furthermore, common sense instructs us that the etiology of their respective oral health problems requires an individualized analysis.

These lawsuits are also far apart with respect to their respective procedural posture.  Mr. Nash's lawsuit has been pending in this Court since October 4, 2016, and some of the defendants, but not all, have been served. (*See* Mot. to Dismiss for Insufficiency of Service of Process, D.I. 104)  Moreover, the parties are currently engaging in discovery. (*See* D.I. 108, 109,

124, 135, 138, 140, 145, 155, 156, 157)  Finally, this Court established a scheduling order in which discovery is set to close on January 22, 2017.  (D.I. 143)  Mr. Roane's lawsuit, however, is still in its infancy.  Indeed, the defendants in Mr. Roane's case have yet to be served.

Rule 42 of the Federal Rules of Civil Procedure allows this Court to exercise its discretion to consolidate actions if they "involve a common question of law or fact."  *See Alexander v. Minner*, 2009 U.S. Dist. LEXIS 37504, at \*21 (D. Del. May 1, 2009).  Consolidation is intended to "facilitate the administration of justice" and "avoid unnecessary costs or *delay*."  *Id.*  The party that seeks consolidation bears the burden of showing the commonality of facts or law.  *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) (citing *In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 373 (2d Cir. 1993)).  And, even if there are common issues of fact or law, consolidation is not required.  *Id.*

Where the legal claims are similar, but there are differences in "parties, facts, and procedural posture" consolidation is not appropriate because it would not facilitate the administration of justice.  *Williams v. Lackawanna Cnty. Prison*, 2015 U.S. Dist. LEXIS 104414, at \*25 (M.D. Pa. 2015); *see also Alexander*, 2009 U.S. Dist. LEXIS 37504, at \*21-22 (finding that it is prejudicial to the non-movant to consolidate two actions where the discovery was already closed in one action).  Here, the only commonality between Mr. Nash's and Mr. Roane's action is the verbatim legal pleadings.  Beyond that, the cases arise from a different set of operative facts during separate timeframes.  To that end, Mr. Nash's lawsuit is fast approaching the discovery deadline, while the defendants in Mr. Roane's lawsuit have not been served.  Under these circumstances, the consolidation of these cases would not facilitate the administration of justice and would cause prejudice to the defendants.

20141692v.1

In conclusion, Mr. Nash has failed to meet his burden to show that the consolidation of his action with Mr. Roane's action is warranted. Therefore, Mr. Nash's motion to consolidate must be denied.

                              WHITE AND WILLIAMS LLP

BY: *Randall MacTough* (signature)
        Dana Spring Monzo (DE ID 4605)
        Randall S. MacTough (DE ID 6108)
        600 N. King Street, Suite 800 |
        Wilmington, DE 19801-3722
        Phone: 302.654.0424
        Attorneys for Defendant,
        Connections Community Support
        Programs, Inc.

Dated: December 20, 2017

20141692v.1