# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. NASH<br><br>             Plaintiff,<br><br>v.<br><br>CONNECTIONS CSP, INC., et al.<br><br>             Defendant. | :<br>:  C.A. No. 16-896-GMS<br>:<br>:<br>:<br>:  TRIAL BY A JURY OF TWELVE<br>:  DEMANDED<br>:<br>:<br>:<br>: |

## MEDICAL DEFENDANTS' AND THEIR COUNSELS' RESPONSE TO THE PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Anthony Nash seeks sanctions against Defendants Taurance Bishop, D.D.S., Jason Justison, D.D.S., Mikelle Phillips, M.D., Mitchell A. White, P.A., Christine Claudio, Karen Lewis, Tracy Crews, and Mary Helen Stewart (the "Medical Defendants") and their counsel for what Mr. Nash essentially characterizes as improper litigation tactics. (Mot. for Sanctions, D.I. 177) Mr. Nash contends that it was improper for the Medical Defendants through the advocacy of their counsel to exercise their right to challenge insufficient service under the Federal Rules of Civil Procedure and to appoint an agent authorized to accept service on their behalf instead of disclosing their information to this Court to effect service. (*Id.*) The Medical Defendants and their counsel's appropriate use of the Rules cannot be considered an abusive litigation tactic that warrants sanctions.

       1.      On October 4, 2016, Mr. Nash filed this lawsuit in which he alleges the Medical Defendants manifested a deliberate indifference to his abscessed teeth. (Fifth Am. Compl., D.I. 85) He also raises a state tort law claim of dental negligence against Drs. Bishop and Justison. (*Id.*) On May 25, 2017, service packets for the Medical Defendants were delivered to Theo

Gregory at Connections' office, an employee who is authorized to accept service on behalf of Connections only. (D.I. 90-98) None of the individual Medical Defendants authorized Theo Gregory, or any other employee of Connections, to accept service on their behalf before service was attempted. (Medical Defendants' Mot. to Dismiss for Insufficient Service, D.I. 104) Accordingly, the Medical Defendants had a reasonable basis to move for dismissal of the Fifth Amended Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. (*Id.*)

2. On December 19, 2017, this Court denied the Medical Defendants' motion. (Memorandum at 2-4, D.I. 160) This Court found that Mr. Nash had demonstrated that there was a reasonable prospect that Mr. Nash would effect service and exercised its inherent power to assist him, as a *pro se* litigant, in completing that objective by ordering Connections to disclose information that would allow service to be completed by the U.S. Marshal's office. (*Id.*) Although the information sought was for the Court's eyes only, the Medical Defendants preferred to appoint an authorized agent to accept service on their behalf instead of disclosing any personal information. (D.I. 170)

3. The Medical Defendants are sensitive to the hurdles that Mr. Nash faces to effect personal service as an incarcerated *pro se* litigant. But, Connections and its employees also encounter their own obstacles. They confront a high volume of inmate lawsuits arising from medical care. Although these claims are often refutable by the medical records, they are nonetheless subject to costly, time-consuming claims investigation and discovery. Due to the administrative burdens caused by this litigation and the desire to preserve all available affirmative defenses under the Federal Rules of Civil Procedure, it is Connections' general policy that it will not waive service nor will it accept service on behalf of its current and former employees without prior authorization. And, as far as service of the summons and complaint,

generally when service packets directed to alleged medical defendants are delivered to Connections' office, it is the first time that Connections becomes aware of that particular lawsuit, so it cannot determine whether the individuals named in the suit are/were ever Connections' employees or whether it is authorized to accept service on behalf of any the individual defendants. Thus, Connections maintains a blanket policy to reject service for all purported employees, a decision not always observed at the time of delivery. In those instances, Connections' current and former employees must raise the affirmative defenses of insufficient service of process and (much less often) insufficient process to ensure that their right to proper service is preserved.

4. Service is a prerequisite to personal jurisdiction. *Omni Capital International v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Service is governed by Rule 4 of the Federal Rules of Civil Procedure. *Id.* at 104-05. Under Rule 4(e), an individual may be served by (1) following state law for serving a summons; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode; or (4) delivering a copy of the summons and complaint to an agent authorized to accept service on their behalf.

5. To avoid the burdens associated with personal service, the plaintiff may request that the individual waives service under Rule 4(d). Rule 4(d) imposes an affirmative duty on defendants to waive service, but it is not mandatory. *See Khorozian v. McCullough*, 186 F.R.D. 325, 328 (D.N.J. 1999) ("Rule 4(d) contemplates that a defendant may fail to comply with a request to waive service."). Indeed, there are advantages and disadvantages that defendants must evaluate when considering whether to waive service. If a defendant waives, then he or she has 60 days to respond to the complaint and will avoid the costs associated with service. Fed. R.

Civ. P. 4(d) However, by waiving service, the defendant loses the ability to challenge the sufficiency of process and the sufficiency of service of process under Rules 12(b)(4) and 12(b)(5). *See* Fed. R. Civ. P. 4(d)(5) ("Waiving service of a summons does not waive any objection to personal jurisdiction or venue"); *see also* Rule 4 Waiver of the Service of Summons (reciting that the defendant acknowledges he or she will waive "any objections to the absence of a summons or of service."). While counsel acknowledges that the likelihood that a *pro se* plaintiff's complaint will be dismissed for insufficient process or insufficient service of process is slight, that does not mean that those defenses lack merit or that it was filed for an improper purpose. And, to that end, the Medical Defendants are entitled to invoke all available defenses.

6. Rule 11 is intended to "curb abusive litigation tactics and misuse of the court's process but not hinder zealous advocacy." *Vehicle Operation Techs. LLC v. Am. Honda Motor Co.*, 67 F. Supp. 3d 637, 649 (D. Del. 2014) (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987)) (alterations omitted). "[I]t is not meant to act as an automatic penalty against an attorney for losing an argument or even inhibit 'imaginative legal or factual approaches.'" *Id.* (quoting *Mary Ann Pensiero, Inc. v. Lingle*, 847 F. 2d 90, 94 (3d Cir. 1988)) (alteration omitted). The rule should be "applied sparingly to deter parties from filing baseless actions or frivolous motions." *Vehicle Operations Techs. LLC*, 67 F. Supp. 3d at 649.

7. Whether counsel's conduct was abusive or improper is measured under an "objective standard of reasonableness under the circumstances" at the time the challenged filing was submitted. *Mary Ann Pensiero, Inc.*, 846 F.2d at 94. Here, as discussed above, the Medical Defendants were not served with the Fifth Amended Complaint pursuant to Rule 4(e), so they invoked the affirmative defense of insufficient service of process to move for dismissal pursuant to Rule 12(b)(5). Although the motion was denied, it was not a legally frivolous argument. And,

when the Medical Defendants were confronted with the disclosure of personal information to effect service, albeit disclosure to the Court only, they elected to appoint an agent authorized to accept service on their behalf as contemplated under Rule 4(e)(2)(C)—an option not known to them at the time when their copies of the Fifth Amended Complaint were delivered to Connections on May 25, 2017.

8. Finally, Mr. Nash's request for attorneys' fees as reimbursement for the time he spent opposing the Medical Defendants' motion must be denied since this Court has held that a *pro se* litigant is not entitled to attorney's fees. *Francis v. Carroll*, 2008 U.S. Dist. LEXIS 84926, at *4 (D. Del. Oct. 21, 2008) ("Plaintiff proceeds *pro se* and, as a result, there are no attorney's fees.").

9. Because the Medical Defendants' motion raised a valid legal argument under the Federal Rules of Civil Procedure, sanctions should not issue. Accordingly, Plaintiff's Motion for Sanctions should be denied.

WHITE AND WILLIAMS LLP

BY: _____
Dana Spring Monzo (DE ID 4605)
Randall S. MacTough (DE ID 6108)
600 N. King Street, Suite 800 |
Wilmington, DE 19801-3722
Phone: 302.654.0424
Attorneys for Defendants
Connections Community Support
Programs, Inc., Taurance Bishop, DDS,
Jason Justison, DDS, Mikelle Phillips,
M.D., Mitchell A. White, P.A., Christine
Claudio, Karen Lewis, Tracey Crews,
and Mary Helen Stewart

Dated: February 8, 2018

20400780v.1

-2-

## **UNREPORTED CASES**

-2-


Positive
As of: February 8, 2018 3:06 PM Z

# Francis v. Carroll

United States District Court for the District of Delaware

October 21, 2008, Decided; October 21, 2008, Filed

Civ. Action No. 07-015-JJF

**Reporter**
2008 U.S. Dist. LEXIS 84926 *; 2008 WL 4704591

WILLIAM FRANCIS, JR., Plaintiff, v. WARDEN THOMAS CARROLL, CORRECTIONAL MEDICAL SERVICES, STAN TAYLOR, and JOYCE TALLEY, Defendants.

**Subsequent History:** Summary judgment granted by _Francis v. Carroll, 2009 U.S. Dist. LEXIS 89413 (D. Del., Sept. 22, 2009)_

**Prior History:** _Francis v. Carroll, 2007 U.S. Dist. LEXIS 57055 (D. Del., Aug. 1, 2007)_

## Core Terms

interrogatories, answers

**Counsel:** [*1] William Francis, Jr., Plaintiff, Pro se, Wilmington, DE.

For Warden Thomas Carroll, Commissioner/DOC Stan Taylor, Joyce Talley, Defendants: Ophelia Michelle Waters, LEAD ATTORNEY, Department of Justice, State of Delaware, Wilmington, DE.

For Correctional Medical Services, CMS, Defendant: Eileen M. Ford, Megan Trocki Mantzavinos, LEAD ATTORNEYS, Marks, O'Neill, O'Brien & Courtney, P.C., Wilmington, DE.

**Judges:** Joseph J. Farnan, Jr., UNITED STATES DISTRICT JUDGE.

**Opinion by:** Joseph J. Farnan, Jr.

## Opinion

### MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Motion To Compel, Request For Counsel, and Motion To Stay. (D.I. 51, 59, 67.) For the reasons discussed below, the Motion To Compel will be granted in part and the remaining Motions will be denied.

### I. BACKGROUND

Plaintiff William Francis, Jr. ("Plaintiff") filed this lawsuit alleging deliberate indifference to serious medical needs (i.e., periodontal disease) when he was incarcerated at the Delaware Correctional Center ("DCC"), now known as James T. Vaughn Correctional Center ("JCC"), Smyrna, Delaware. Plaintiff is now housed at the Plummer Community Correctional Center ("Plummer"), Wilmington, Delaware.

### II. PENDING MOTIONS

#### A. Motion To Compel

On February 26, 2008, [*2] Plaintiff served interrogatories upon Defendants Thomas Carroll, Stan Taylor, and Joyce Talley. (D.I. 48.) Defendants did not timely answer the interrogatories and on April 4, 2008, Plaintiff mailed for filing the pending Motion To Compel on the grounds that Defendants did not answer the interrogatories within the time prescribed by the Federal Rules of Civil Procedure. (D.I. 51.) The Motion was filed on April 7, 2008. Defendants answered the interrogatories the next day, April 8, 2008. (D.I. 50.) Plaintiff seeks an order requiring Defendants to fully answer the interrogatories and for an order awarding him reasonable expenses in obtaining the order. In his supplement to the Motion, Plaintiff argues that Defendants' answers were insufficient or inadequate with respect to documents requested in his interrogatories. (D.I. 53.)

In their response, Defendants indicate that they received notice of the interrogatories on February 28,

2008, and that they answered the interrogatories on April 8, 2008, not knowing that Plaintiff had filed a Motion To Compel. Defendants ask the Court to deny the Motion on the grounds that Plaintiff did not make a good faith effort to obtain answers to the interrogatories [*3] as required by Fed. R. Civ. P. 37(a)(5)(A)(i) and that Plaintiff does not suggest that the Answers are insufficient or inadequate.

Rule 33 provides that a party responding to interrogatories must serve its answers and any objections within thirty days after being served. Fed. R. Civ. P. 33(b)(2). The rule goes on to state that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for cause, excuses the failure." Id. at (b)(4).

Defendants' position that Plaintiff was required to made a good faith effort or attempt to confer with them for failing to provide discovery pursuant to Fed. R. Civ. P. 37 fails to take account of this Court's Local Rules. Local Rule 7.1.1, "Pleadings and Motions" provides that "every nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with opposing party on the matters set forth in the motion," "except for civil cases involving *pro se* parties." Inasmuch as Plaintiff proceeds *pro se,* pursuant to the Local Rules he was not required to comply with the good faith certification [*4] requirement.

Defendants did not timely object to the interrogatories and, therefore, their objections are waived. The Court finds that Defendants have not provided good cause for their failure to timely answers, to the extent that they suggest there was a delay in answering the interrogatories because Defendant Taylor is retired and Defendant Carroll is no longer the warden at the DCC. The change of employment status is not a valid excuse for their untimely answer to the interrogatories. Counsel need merely have requested an extension of time to file answers and/or objections.

Defendants have answered the interrogatories. Yet it appears that Defendants did not provide any of the documents requested in the interrogatories. Generally, documents are produced pursuant to Fed. R. Civ. P. 34. However, Plaintiff proceeds *pro se* and, therefore, the Court will allow some leeway with the discovery rules. Accordingly, the Court will grant Plaintiff's Motion to Compel to the extent that he seeks production of the documents requested in the interrogatories. The Court will deny the Motion to the extent that Plaintiff seeks costs and attorney's fees incurred when filing the Motion. Plaintiff proceeds [*5] *pro se* and, as a result, there are no attorney's fees.

**B. Requests To Appoint Counsel And To Stay Proceedings**

Plaintiff is currently on work release at Plummer. He requests counsel on the grounds that counsel is necessary to represent him during the taking of his deposition, he has limited knowledge of the law, his current housing assignment prohibits him from visiting any law libraries, he has no access to the internet, photocopy or fax machines, and Plummer does not have a law library or offer paralegal services to work release residents. (D.I. 59, 67.) Plaintiff advises that his anticipated release date is October 2008 and that the terms of his federal and state probation subject him to transfer to the State of New York pursuant to the Interstate Compact Agreement. Therefore, he asks the Court to stay the proceedings until he has transitioned from work release to the State of New York and he is provided counsel.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the Court's discretion to seek representation [*6] by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the

case will require testimony from expert witnesses. *Tabron, 6 F.3d at 155-57*; accord [*7] *Parham, 126 F.3d at 457*; *Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)*.

Upon consideration of the record, the Court is not persuaded that the request for is warranted at this time. It appears that Plaintiff's deposition has been taken as it was scheduled to take place on June 18, 2008. (D.I. 62.) Moreover, Plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. Therefore, the Court will deny without prejudice the Requests For Counsel. (D.I. 59, 67.) For the same reasons, the Court will also deny the Request To Stay The Proceedings. (D.I. 67.)

### III. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion To Compel is **GRANTED in part and DENIED in part.** (D.I. 51.) Defendants shall **PRODUCE** the documents requested by Plaintiff within **thirty (30) days** from the date of this Order.

2. Plaintiff's Requests For Counsel are **DENIED without prejudice.** (D.I. 59, 67.)

3. Plaintiff's Motion To Stay is **DENIED.** (D.I. 67.)

October 21, 2008

DATE

/s/ Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE

---

**End of Document**

Randall MacTough