# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY NASH,<br>          Pro Se Plaintiffs,<br>  v.<br>JASON JUSTISON, DMD, et al.<br>          Defendants. | C.A. NO.: 1:16-cv-00896-GMS<br><br>**TRIAL BY JURY OF TWELVE DEMANDED** |

### MOTION OF DEFENDANT, JASON JUSTISON, DMD FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT NO. II[1]

      Defendant, Jason Justison, DMD (hereinafter "Dr. Justison"), through his undersigned counsel, hereby respectfully moves this Honorable Court to enter the attached Order, granting summary judgment in his favor and denying Plaintiff's Partial Motion for Summary Judgment No. II and in support thereof, avers as follows:

      1.     Plaintiff filed a Complaint in this matter on October 4, 2016 alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 and dental negligence against various Defendants. Dr. Justison was not a party to this pleading. Dr. Justison did not become a party to this matter until the Fifth Amended Complaint was filed on May 5, 2017. A copy of the Fifth Amended Complaint is attached as Exhibit "1". Service of process was effected on Dr. Justison on January 29, 2018 and the Fifth Amended Complaint was answered February 16, 2018. *See* D.I. 83 and 194.

      2.     Plaintiff's claims against Dr. Justison are not entirely clear because the allegations set forth in the Fifth Amended Complaint are for negligent and intentional infliction of emotional

---

[1] Moving defendant waives its right to file an Opening Brief and submits this Motion in lieu thereof pursuant to Local Rule 7.1.2. However, moving defendant reserves the right to file a Reply Brief.

distress (Count III) and lack of informed consent (Count IV). *See* Exhibit "1". These are State tort claims. (Nash, 134-135)[2]. However, Plaintiff moved for partial summary judgment arguing summary judgment should be entered under the Eighth Amendment for Dr. Justison's deliberate indifference to Plaintiff's serious medical needs. *See* Plaintiff's Motion for Partial Summary Judgment No. II at D.I. 189. Notwithstanding whether the claims are State law claims or under the Eighth Amendment, Plaintiff has failed to provide any evidence to support any of the claims and therefore Dr. Justison is entitled to judgment as a matter of law.

      3. In his Fifth Amended Complaint, Plaintiff alleges "Jason Justison intentionally inflicted emotional distress on July 13, 2016 when he diagnosed the plaintiff with Perio exam reveals moderately increased probing depths with inflamed gingival and bleeding upon probing. Dx: 1) Irreversible pulpitis with partial necrotic pulp #15 and 19; 2) Caries; 3) generalized mild periodontal disease." Exhibit "1" at ¶52. He alleges that in making this diagnosis, Dr. Justison intentionally inflicted fear of death and further permanent disfigurement. Plaintiff goes on to further allege that Dr. Justison was medically negligent in failing to : appreciate the Plaintiff's serious deteriorating dental condition, administer proper medications, and administer proper treatment in a timely manner. *Id.* At ¶53. It is alleged this negligence caused: the removal of six additional teeth, impaired speech, bone loss, immense pain, physical pain, and permanent disfigurement. *Id.* at ¶54.

      4. With regard to the allegation of Lack of Informed Consent, Plaintiff alleges Dr. Justison failed to adequately explain the nature of the surgery and the risk alternatives associated with surgical extraction of teeth. *Id.* at ¶56. As a result, Plaintiff suffered mental pain and suffering, impaired speech, permanent disfigurement, and horizontal bone loss. *Id.* at ¶58, 59.

---

[2] References to the transcript of the August 4, 2017 deposition of Plaintiff will be referred to as (Nash, page no.). Referenced pages are attached as Exhibit "3".

5. Plaintiff was treated by Dr. Justison on two occasions: July 13, 2016 and October 10, 2016. *See* records attached as Exhibit "2" under Seal at pg. 31-32, 28. On July 13, treatment sought by Plaintiff was for complaints of pain on the upper and lower left side of the mouth and to have cavities evaluated. His medical history was reviewed and an oral cancer screen was performed. The clinical exam revealed widespread decay especially in two of his teeth. An x-ray showed interproximal decay with severe decay in teeth 15 and 19 with encroaching pulp and PARL. There was also horizontal bone loss and subgingival calculus. Subgingival calculus is tarter found on the teeth below the gumline. Plaintiff was diagnosed with irreversible pulpitis with partial necrotic pulp at teeth 15 and 19, carries, and generalized mild periodontal disease. As a result, the plan was discussed with Plaintiff along with the options of no treatment or a root canal. Plaintiff chose extraction of the teeth and was scheduled to have this performed. Penicillin was prescribed for seven (7) days. *Id*.

6. Between the dates Dr. Justison treated Plaintiff on July 13, 2016 and October 10, 2016, Plaintiff received treatment from other practitioners as follows: prescriptions for medication on July 14, 15, 16, 17 and 18 refusing many of them. *See* Exhibit "2" at pgs. 28-31. He then visited with a psychiatrist on July 21 and received a chronic care appointment on July 22. He also visited Sick Call on August 4 and had an oncology consultation on August 12 for non – Hodgkins Lymphoma. He was then seen again at sick call on August 1, September 9 and September 15. In between those appointments he also received medications. On October 7, he presented for his appointment with complaints of dental pain and nausea associated with migraine headaches. On examination, it was noted he had cavities but no active signs of infection and that he is to have teeth extracted. Penicillin was prescribed to be taken twice daily for three days. *See* Exhibit "2".

7. Plaintiff next treated with Dr. Justison on October 10. On this visit, Plaintiff again conveyed that he wanted both teeth removed. Therefore, the risks and benefits were discussed, informed consent was obtained, and the two teeth were removed. Pain medication and Penicillin were prescribed and the plan was to re-evaluate Plaintiff's treatment during his next dental visit. The medical records show he continued to receive care for various medical complaints with various medical practitioners, however, he was not scheduled again to be seen by Dr. Justison. *See* Exhibit "2".

8. During Plaintiff's deposition, he confirmed that Dr. Justison in fact diagnosed and treated his oral conditions. (Nash, 113-114). Plaintiff testified the condition went untreated for six (6) or seven (7) months and that someone else finally extracted the teeth on October 10. (Nash, 114). However, the medical records show that the teeth were extracted by Dr. Justison. *See* Exhibit "2". Furthermore, the records also show that he received regular treatment from the date the condition was diagnosed, July 13, until the teeth were removed on October 10. Moreover, Plaintiff's teeth were evaluated by another practitioner on October 7 who noted there were cavities but that there was no active infection. Plaintiff agreed that Dr. Justison never denied care to Plaintiff. (Nash, 116). In fact, Plaintiff testified that Dr. Justison would never do that. *Id.*

9. Discovery closed on January 22, 2018 and Plaintiff has not identified any experts to support any of his claims.

10. Expert testimony is required to support a claim for dental negligence. *Ashley v. Kronfeld,* 696 A.2d 396 (Del. 1997); *Root v. Stout,* WL 484521 (Del. Super. 1984)(citing *Mitchell v. Atkins,* Del. Super., 179 A. 593 (1935) and *Christian v. Wilmington General*

*Hospital,* 135 A.2d 727 (Del. 1957))(Attached as Exhibit "3"). In addition, expert testimony is required to support a claim for negligent infliction of emotional distress. *Collins v. African Methodist Episcopal Zion Church*, 2006 WL 1579718 (Del. Super.) (Attached as Exhibit "4"). Therefore, since Plaintiff has not identified any experts, summary judgment should be granted as to his claims for dental negligence and negligent infliction of emotional distress.

  11. Under Delaware law, to establish a claim for intentional infliction of emotional distress, Plaintiff must prove, "(1) extreme and outrageous conduct; (2) an intent to cause severe emotional distress or reckless disregard with respect to causing emotional distress, and, (3) the conduct actually caused severe emotional distress." *Jordan v. Delaware,* 433 F. Supp.2d 433, 444 (D. Del. 2006) *quoting Capano Mgmt. Co. v. Transcon Ins. Co.,* 78 F. Supp.2d 320, 327 (D. Del. 1999). Extreme and outrageous conduct has been defined as behavior, "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," *Mattern,* 532 A.2d at 86 (citing Restatement (Second) Torts § 46).

  12. In *Jordan v. Delaware,* the plaintiff alleged he was in constant pain and needed a liver biopsy due to a diagnosis of Hepatitis C. 433 F. Supp.2d at 437. The plaintiff was evaluated by a doctor for the prison medical provider who opined a biopsy was not necessary, despite the plaintiff having obtained a letter from a physician not affiliated with the prison medical provider who recommended a biopsy. *Id.* at 437-438. He continued to be monitored and evaluated regularly. *Id.* at 438. The plaintiff claimed that the failure to have him evaluated by a liver specialist and have a liver biopsy performed amounted to outrageous conduct and caused him great emotional distress and anxiety. *Id.* at 443. The court disagreed and granted summary judgment holding that the conduct of the providers was not extreme and

outrageous and it did not exceed all possible bounds of decency. *Id.* at 444.

13. In this case, Plaintiff alleges emotional distress was intentionally inflicted when he was diagnosed with certain dental conditions. Based on the diagnosis, after the risks and benefits were discussed and informed consent was obtained, Plaintiff consented to the extraction of the teeth and they were removed. This is not an intent to cause severe emotional distress or reckless disregard with respect to causing emotional distress; it is providing treatment for a diagnosed dental condition after explaining available treatment options and the patient giving consent for the treatment provided. Providing recommended treatment after discussing the risks and benefits, including of not having any treatment at all, and obtaining informed consent and then performing the procedure does not go beyond all possible bounds of decency that it would be regarded as atrocious and utterly intolerable in a civilized community. To the contrary, this is how treatment is to be provided. Therefore, summary judgment should be entered for Dr. Justison in this case just as it was for the dental practitioner in *Jordan.* 433 F. Supp.2d. 433.

14. Plaintiff moved for partial summary judgment arguing Dr. Justison exhibited a deliberate indifference to Plaintiff's serious medical needs. The Fifth Amended Complaint does not contain an allegation against Dr. Justison for violation of civil rights. The allegations are for negligent and intentional infliction of emotional distress, medical negligence, and failure to provide informed consent. *See* Exhibit "1". Notwithstanding this, to the extent Plaintiff's Fifth Amended Complaint can be read to assert a claim for a civil rights violation, in order to state a cognizable claim for violations of civil rights in connection with medical treatment "a prisoner must allege and prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *"Estelle v. Gamble,* 429 U. S. 97, 106 (1976), *reh'g*

*denied,* 429 U.S. 1066 (1977). A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy the "deliberate indifference" test set forth in *Estelle Benson v. Cady,* 761 F. 2d 335, 339 (7th Cir. 1985). To show "deliberate indifference", a plaintiff must demonstrate that the individual attending to his medical condition consciously disregarded a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). In addition, a plaintiff must allege that his medical condition is "serious". *Boring v. Kozakiewicz,* 833 F.2d 468, 472 (3d Cir. 1987), *cert. Denied,* 485 U.S. 991 (1988). Mere medical malpractice does not give rise to a claim for a violation of the Eighth Amendment to the U.S. Constitution. *Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir. 1993). A claim for medical malpractice should be brought in state court under the applicable tort law, not in federal court. *Estelle,* 429 U.S. at 107.

  15. The allegations even if assumed to be true, do not constitute deliberate indifference to a serious medical condition in violation of the plaintiff's Eighth Amendment rights. Although plaintiff disagreed with the medical treatment he received; this alone does not support a claim for violation of his civil rights under 42 *U.S.C.* § 1983. "Where the plaintiff has received some care, the inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim". *Norris v. Frame,* 585 F.2d 1183, 1186 (3rd Cir. 1978). Claims for inadequate medical care pursuant to the Eighth Amendment must be denied where the complaint is that the medical treatment did not comport with the inmate's request since it is merely a disagreement over the proper means of treatment. *Boring,* 8336 F.2d at 473.

  16. Plaintiff argues in his Motion for Partial Summary Judgment II that it took three (3) months for his teeth to be removed from the time he was diagnosed and that this amounts to unnecessary and wanton infliction of pain. However, Plaintiff fails to cite to the numerous times

he received medications, some of which he refused, and the number of appointments he had with Sick Call and other practitioners from the time of diagnosis to the time of removal of the teeth. *See* Exhibit "2". Furthermore, Plaintiff argues Dr. Justison did not prescribe pain medication. *See* Plaintiff's Motion at pg. 4. However, the records specifically show that following the July 13, 2016 visit, Plaintiff was prescribed Penicillin. See Exhibit "2". Following the October 10, 2016 visit, he was prescribed Penicillin again as well as Motrin. Moreover, between July 13 and October 10, he was prescribed Tylenol 325 mg from August 12, 2016 to October 31, 2016 to be taken twice a day as needed. *See* Exhibit '2" at 56. As can be seen from the records, Plaintiff's medical condition was not disregarded by Dr. Justison, or anyone else for that matter, and he received care. He may disagree with the care provided, but this disagreement does not give rise to a claim under the Eighth Amendment for violation of his civil rights. *See Jordan, 433 F. Supp.2d 433 (D. Del. 2006)* and *Norris*, 585 F.2d at 1186 (3rd Cir. 1978).

17. Plaintiff has received adequate dental treatment and his dental conditions have not been consciously disregarded. Plaintiff consented to and received dental treatment by Dr. Justison after discussions about the risks and benefits of the treatment options. These are not acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is treatment of a diagnosed condition with the consent of the patient. As previously argued, this is how medical treatment is to be provided. Moreover, Plaintiff testified that Dr. Justison did not deny him care and would not deny him care. Therefore, Plaintiff's Eighth Amendment rights were not violated and his Motion for Partial Summary Judgment should be denied.

WHEREFORE, defendant, Jason Justison, DMD, moves this Honorable Court to enter

the attached Order granting summary judgment in his favor and denying Plaintiff's Motion for Partial Summary Judgment.

                        FRANKLIN & PROKOPIK

BY: */s/ Eric Scott Thompson*
     ERIC SCOTT THOMPSON, ESQ.
     DE Bar ID: 4633
     300 Delaware Ave., Ste. 1210
     Wilmington, DE 19801
     Attorney for Defendant, Jason Justison, DMD
     .

DATED: February 19, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY NASH,<br><br>　　　　　Pro Se Plaintiffs,<br><br>　v.<br><br>JASON JUSTISON, DMD, et al.<br><br>　　　　　Defendants. | **C.A. NO.: 1:16-cv-00896-GMS**<br><br>**TRIAL BY JURY OF TWELVE DEMANDED** |

## ORDER GRANTING DEFENDANT JASON JUSTISON, DMD'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT NO. II

AND NOW, this ____ day of _____, 2018, upon consideration of the Joint Summary Judgment Motion of Defendants, and any Response thereto, it is hereby ORDERED that Defendant Jason Justison, DMD's Motion for Summary Judgment is GRANTED and all claims and this action are hereby dismissed with prejudice.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY NASH,<br>　　　　Pro Se Plaintiffs,<br>　　v.<br>JASON JUSTISON, DMD, et al.<br>　　　　Defendants. | C.A. NO.: 1:16-cv-00896-GMS<br><br>TRIAL BY JURY OF TWELVE DEMANDED |

## NOTICE OF SERVICE

I, ERIC SCOTT THOMPSON, ESQUIRE, hereby certify that on this 19th day of February, 2018, that I have served via electronic mail the *Motion of Defendant, Jason Justison, DMD for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment No. II* to all counsel of record and sent via U.S. Mail to

　　Anthony A. Nash
　　SBI #364604
　　Howard R. Young Correctional Institution
　　P.O. Box 9561
　　Wilmington, DE 19809

　　　　　　　　　　　　　　　　　FRANKLIN & PROKOPIK

　　　　　　　　　　　　　　　　　/s/ *Eric Scott Thompson*
　　　　　　　　　　　　　　　　　WILLIAM A. CRAWFORD (5600)
　　　　　　　　　　　　　　　　　ERIC SCOTT THOMPSON (4633)
　　　　　　　　　　　　　　　　　300 Delaware Avenue
　　　　　　　　　　　　　　　　　Suite 1210
　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　302-594-9780
　　　　　　　　　　　　　　　　　*Attorneys for Defendant, Jason Justison, DMD*

Dated: February 19, 2018