IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANTHONY A. NASH,                        )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )        C.A. No. 16-896-GMS
                                        )
CONNECTIONS CSP, INC., et al.,          )
                                        )
            Defendants.                 )


**STATE DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**


STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Lauren E. Maguire
Lauren E. Maguire, ID #4261
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Fl.
Wilmington, Delaware 19801
(302) 577-8400

*Attorney for State Defendants*

Dated:  May 21, 2018

## TABLE OF CONTENTS

TABLE OF CITATIONS ............................................................................................... iii

NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 1

FACTUAL BACKGROUND ......................................................................................... 2

ARGUMENT .................................................................................................................. 4

      A.      PLAINTIFF HAS FAILED TO PROVE A DELIBERATE INDIFFERENCE CLAIM ............................................................. 5

      B.      PLAINTIFF HAS FAILED TO SHOW PROVE ANY STATE LAW CLAIM AGAINST STATE DEFENDANTS .................................. 7

      C.      STATE DEFENDANTS ARE IMMUNE ........................................... 8

CONCLUSION ............................................................................................................. 10

## TABLE OF CITATIONS

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ................................................. 4

*Barkes v. First Corr. Med., Inc.,* 766 F.3d 307 (3d Cir. 2014), *rev'd sub nom.*
    *Taylor v. Barkes,* 135 S.Ct. 2042 (2015) ......................................................... 9, 10

*Behrens v. Pelletier,* 516 U.S. 299 (1996) ................................................................. 8

*Blackstone v. Correctional Medical Services, Inc.,* 499 F. Supp. 2d 601 (D. Del. 2001) .............. 6

*Brosseau v. Haugen,* 543 U.S. 194 (2004) ............................................................... 10

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ........................................................... 4

*Diaz v. Director Federal Bureau of Prisons,* 716 Fed. App'x 98, 2017 WL 5564566
    (3d Cir. Nov. 20, 2017) ............................................................................. 7

*Durmer v. O'Carroll,* 991 F.2d 64 (3d Cir. 1993) ....................................................... 7

*Estelle v. Gamble,* 429 U.S. 91 (1976) ................................................................. 5, 6

*Farmer v. Brennan,* 511 U.S. 825 (1994) ................................................................. 5

*Gilles v. Davis,* 427 F.3d 197 (3d Cir. 2005) ............................................................. 9

*Graham v. Connor,* 490 U.S. 386 (1989) ................................................................. 9

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982) ............................................................... 8

*Holman v. Walls,* 1989 WL 66636 (D. Del. June 13, 1989) ............................................. 9

*Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300 (3d Cir. 1995) ............................ 4

*Hunter v. Bryant,* 502 U.S. 224 (1991) ................................................................... 9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp,* . ..................................................... 4

*McCloskey v. Welch,* 2018 WL 1640592 (D. Del. Apr. 5, 2018) ........................................ 6

*Michtavi v. Scism,* 808 F.3d 203, (3d Cir. 2015) ......................................................... 9

*Monmouth County Correctional Institutional Inmates v. Lanzaro,* 834 F.2d 326
    (3d Cir. 1987) ....................................................................................... 5

*Montanez v. Thompson,* 603 F.3d 243 (3d Cir. 2010) ................................................... 8

*Norris v. Frame*, 585 F.2d 1183 (3d Cir. 1978) ............................................................5

*Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231 (3d Cir. 1995)................................................4

*Pearson v. Callahan*, 555 U.S. 223 (22009)............................................................8-9

*Smullen v. Kearney*, 2003 WL 21383727 (D.Del. June 13, 2003) ...............................5

*Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004)........................................................6, 7

*Stones v. McDonald*, 2014 WL 26810 (D. Del. Jan. 2, 2014) ......................................6

*Whalen v. Correctional Medical Services et al.*, 2003 WL 21994752
(D. Del. Aug. 18, 2003) ...........................................................................................5

## STATUTES AND OTHER AUTHORITIES

U.S. Const. Amend. VIII ...........................................................................................5, 6

42 U.S.C. § 1983.....................................................................................................1, 2, 6

11 *Del. C.* § 6536 .........................................................................................................7

Fed. R. Civ. P. 56(e) ....................................................................................................4

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Anthony Nash, an inmate incarcerated at Howard R. Young Correctional Institution ("HRYCI"), filed this action on October 4, 2016.  (D.I. 1).  Plaintiff was subsequently granted leave to proceed *in forma pauperis*.  (D.I. 116).  The Complaint attempted to assert claims under 42 U.S.C. § 1983, complaining mostly of insufficient dental treatment.  (D.I. 1).  Plaintiff has amended the Complaint multiple times and the current, operative pleading is the Fifth Amended Complaint.  (*See* D.I.s 3, 16, 39, and 83).  The Fifth Amended Complaint also alleges claims for dental malpractice/negligence (Count I), lack of informed consent (Counts II and IV), negligent and intentional infliction of emotional distress (Count III), medical malpractice/negligence (Count V), and negligence *per se* (Count VI).  Through his various amended pleadings, Plaintiff has named eleven defendants in this matter.  State Defendants include Dr. Marc Richman, Bureau Chief of Correctional Healthcare Services for the Delaware Department of Correction, and Elliott Clark, a correctional officer at HRYCI (collectively, "State Defendants").  Other named defendants include Connections CSP, Inc., Christine Claudio, Karen Lewis, Tracey Crews, Dr. Taurance Bishop, Mary Helen Stewart, Mitchell A. White, Dr. Phillips, and Dr. Jason Justison. (D.I. 83).

Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction shortly after initiating this suit. (D.I. 4).  Plaintiff sought to prevent being transferred to an alternate DOC facility and alleged that he would suffer irreparable harm because the defendants interfered with his prescribed medication treatment.  In response, Plaintiff was provided medical records demonstrating that his grievances regarding his medication were resolved and that Plaintiff was receiving continuous medical assessment and care.  (D.I. 20).  Accordingly, the Court denied Plaintiff's motion for injunctive relief.  (D.I. 37 and 38).

1

On March 28, 2018, following the close of discovery, Plaintiff filed a second Motion for a Temporary Restraining Order. (D.I. 217). In this second motion, Plaintiff sought to avoid transfer to the Key Program or, alternatively, sought transfer to federal custody. State Defendants responded and noted that participation in the Key Program was a requirement of Plaintiff's sentencing order. (D.I. 227). The Court denied Plaintiff's request and held that Plaintiff failed to demonstrate irreparable harm to justify the issuance of injunctive relief. (D.I. 232 and 233).

This case is not scheduled for trial.

This is State Defendants' Opening Brief in support of their Motion for Summary Judgment.

## FACTUAL BACKGROUND

Plaintiff alleges inadequate dental care and treatment throughout his incarceration. Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. § 1983 and dental negligence against various defendants. It is worth noting that the Fifth Amended Complaint does not appear to bring most of the claims ((i) dental malpractice – negligence, (ii) lack of informed consent, (iii) dental malpractice-negligent and intentional infliction of emotional distress, (iv) lack of informed consent, or (v) medical malpractice – negligence) against either State Defendant. (D.I. 83). Plaintiff does assert a claim for negligence *per se* against Dr. Richman. *Id.*

Plaintiff's complaint attempts to identify issues with dental care he has received during his incarceration. Plaintiff claims that, on or around October 27, 2014, he alerted CO Clark to intense tooth pain. Plaintiff claims that CO Clark refused to call the infirmary. (D.I. 83 at ¶ 3). Plaintiff states he had obvious swelling and CO Clark should have "recognize[d] the necessity for the doctor's immediate treatment and care." *Id.*

Medical records show that Plaintiff was seen on an emergency basis on October 27, 2014 and that he was sent to the infirmary. (Ex. C to Richman Declaration at DOC000020). The records

indicate that Plaintiff stated edema related to his tooth pain began the morning of October 27. *Id.* The shift records indicate that CO Clark worked on October 26 but did not work on October 27, 2014. (D.I. 205 and 209; Ex. A to Clark Declaration (DOC001001-1006)).

The Fifth Amended Complaint alleges that Dr. Richman "has continuously turned a blind eye to obviously inadequate practices and customs of his subordinates" in the HRYCI medical department. (D.I. 83 at ¶ 19). Plaintiff acknowledges that Dr. Richman "works in administration," but asserts that Dr. Richman's failure to allocate funds for dental care and failure to provide specific dental coverage constitutes a violation of Plaintiff's constitutional rights. *Id.*

Plaintiff's complaint details dental treatment he received from October 27, 2014 forward. Plaintiff's medical records demonstrate that he received dental evaluations and care throughout his incarceration. Plaintiff submitted dental sick call slips for various issues and each complaint and incident was triaged. (*See* Ex. C to Richman Declaration at DOC079, DOC092, DOC121, DOC147, DOC164, DOC167-173, and DOC906-908). Plaintiff's medical records indicate he received dental care, assessment, and/or follow-up on at least the following dates: October 27-29, 2014, May 19, 2015, November 10, 2015, November 14, 2015, July 6, 2016, July 13, 2016, October 7, 2016, October 10-12, 2016, February 27, 2017, March 3, 2017, June 21, 2017, June 27, 2017, November 13, 2017, December 11, 2017, and December 29, 2017. *Id.* at DOC20-21, DOC16, DOC6-7, DOC02-3, DOC897-8, DOC879-880, DOC865-867. Plaintiff admitted that he has been seen multiple times by dentists at HRYCI. (Ex. 1 at 57:14-20 (Nash Deposition)).

## ARGUMENT

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus.* Co. *v. Zenith Radio Corp.,* 475 U.S. 574, 585 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance* Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material facts, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.,* 477 U.S. 317, at 322.

### A.   PLAINTIFF HAS FAILED TO PROVE A DELIBERATE INDIFFERENCE CLAIM

Plaintiff has not come forward with any evidence that his medical treatment violated his Eighth Amendment rights, in particular with the involvement of either State Defendant.   The record shows that Plaintiff received continuous dental care throughout his incarceration at HRYCI.

To succeed on an Eighth Amendment deprivation of medical treatment claim, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 91, 106 (1976).  Plaintiff must demonstrate that the State Defendants displayed deliberate indifference to plaintiff's serious medical needs.   A cognizable claim for deliberate indifference requires the plaintiff to allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104.  In order to be held liable on a deliberate indifference claim, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In evaluating claims of deliberate indifference, courts "have consistently held that mere allegations of malpractice do not raise issues of constitutional import." *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir. 1987) (citations omitted). When some care has been provided, questions as to the adequacy or propriety of the care will not support an Eighth Amendment claim. *Smullen v. Kearney*, 2003 WL 21383727, at *3 (D. Del. June 13, 2003) (citing *Norris v. Frame*, 585 F.2d 1183 (3d Cir. 1978)).  A mere difference of opinion as to care is not actionable under the Eighth Amendment.  "[W]hen a medical professional simply chooses between two equally appropriate forms of treatment, there is no constitutional violation even though the prisoner may not agree with or be displeased by the doctor's course of action." *Whalen v. Correctional Medical Service et al.,* 2003 WL 21994752, at *2 (D. Del. Aug.

18, 2003).  Moreover, "[a]n inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf." *Blackstone v. Correctional Medical Services, Inc.*, 499 F.Supp.2d 601, 605 (D.Del. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

With respect to State Defendants, CO Clark is a correctional officer and is not engaged in or responsible for medical care provided to inmates.  (Clark Declaration at ¶ 4).  Dr. Richman is the Bureau Chief for Correctional Healthcare Services within the Department of Correction. Dr. Richman is not on-site at HRYCI.  (Richman Declaration at ¶ 2).  Chief of Correctional Healthcare Services is an administrative and supervisory position.  *Id.*  While Dr. Richman is a psychologist, he is not a medical doctor and does not provide medical care to inmates.  *Id.* at ¶¶ 1, 3.

DOC must defer to the expertise of its medical provider as to how inmates are to be appropriately treated.  "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).  *See also Stones v. McDonald*, 2014 WL 26810, at *8 (D. Del Jan. 2, 2014) ("It is well-established that non-medical prison staff may not be 'considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.'").

This Court has previously found that the Chief of Correctional Healthcare Services may not be found liable for an Eighth Amendment violation simply because an inmate has submitted medical grievances.  *McCloskey v. Welch*, 2018 WL 1640592, *6 (D.Del. April 5, 2018) ("In his supervisory position, [the Chief] was justified in relying upon the treatment provided [Plaintiff] by

6

the contract medical providers."). Here, Plaintiff has failed to provide any evidence that Dr. Richman received copies of Plaintiff's grievances or any correspondence highlighting Plaintiff's complaints. Even if Dr. Richman had been contacted directly regarding Plaintiff's care, this would not extend liability to Dr. Richman. The Third Circuit has held that prison administrators will not be found deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill*, 372 F.3d at 236.

State Defendants were not deliberately indifferent to Plaintiff's medical needs. Accordingly, the Court should grant summary judgment for State Defendants. *See Diaz v. Director Federal Bureau of Prisons*, 716 Fed.Appx. 98, 2017 WL 5564566, *3 (3d Cir. Nov. 20, 2017) (affirming summary judgment on inmate's claims, emphasizing that inmate's allegations are not evidence and that summary judgment is the time for a plaintiff to rebut the motion with "facts in the record.") (internal citation and quotation omitted).

## B.   PLAINTIFF HAS FAILED TO PROVE ANY STATE LAW CLAIM AGAINST STATE DEFENDANTS

Plaintiff only appears to bring one additional claim against Dr. Richman, namely a claim for negligence *per se* based on alleged violation of 11 *Del. C.* § 6536. Plaintiff cannot demonstrate that Dr. Richman violated 11 *Del. C.* § 6536. Section 6536 states:

> The Department [of Correction] shall promulgate reasonable standards, and shall establish reasonable health, medical and dental services, for each institution, including preventive, diagnostic and therapeutic measure on both an out-patient and hospital basis for all types of patients. The nature and extent of such medical and

7

dental services shall be determined by the Commissioner of Correction in consultation with the Bureau Chief of Correctional Healthcare Services.

The requirement is for the Department of Correction to establish healthcare services, in consultation with the Bureau Chief of Correctional Healthcare Services.

Department of Correction, Bureau of Correctional Healthcare Services Policy A-01 does establish a policy outlining access to care for all inmates. Section VI(D) of the policy details dental care offered to inmates within the Department of Corrections. The current policy was approved by Dr. Richman and the Commissioner of the Department of Correction. (*See* Ex. A. to Richman Declaration).

As set forth above, Plaintiff continuously received dental evaluation and treatment throughout his incarceration. Plaintiff's dissatisfaction with the removal of teeth and his belief that additional dental treatment should have been provided does not support a claim that he failed to receive or have access to proper dental care.

## C.   STATE DEFENDANTS ARE IMMUNE

The doctrine of qualified immunity shields government actors acting within the scope of their discretionary authority for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). For a plaintiff to overcome qualified immunity, the following elements must be established: (1) the defendants' action violated a constitutional right; and (2) the constitutional right, at issue, if violated was clearly established in light of the specific factual circumstances of the particular case. *Montanez v. Thompson*, 603 F.3d 243, 250 (3d. Cir. 2010) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). The key issue for purposes of qualified immunity is

whether State Defendants' actions were "objectively reasonable in light of the facts and circumstances confronting [them.]" *Holman v. Walls*, 1989 WL 66636, at *9 (D. Del. June 13, 1989) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). "The qualified immunity standard 'gives ample room for mistaken judgments by protecting all but the plainly incompetent or those *who knowingly violate the law.*'" *Gilles v. Davis*, 427 F.3d 197, 204 (3d Cir. 2005) (emphasis added) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)).

> As the Third Circuit has emphasized,
>
> > [c]rucial to the 'clearly established' inquiry is the level of generality at which the right is defined. A constitutional right is not 'clearly established simply because of the existence of a broad imperative like the one against 'unreasonable … seizures,' but nor must there be 'a case directly on point [if] existing precedent … [has] placed the statutory or constitutional question beyond debate.'

*Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 326 (3d Cir. 2014), *rev'd sub nom. Taylor v. Barkes*, 135 S.Ct. 2042 (2015) (citations omitted and alterations in original). The right must be "sufficiently bounded that it gives 'practical guidance' to officials on the ground." *Barkes*, 766 F.3d at 326. "Put another way, the right asserted cannot be so abstract that *any* transgression violates a clearly established right, thereby evaporating 'the balance … between the interests in vindication of citizens' constitutional rights and in public officials' effective performance of their duties.'" *Id.*

The Third Circuit has rejected as too broad the characterization of a "clearly established" right as simply an inmate's right to treatment of serious medical needs. *Michtavi v. Scism*, 808 F.3d 203, 206 (3d Cir. 2015) (rejecting definition of the right as an inmate's right to treatment of serious medical needs or the fundamental right to procreate as too broad; focus must be on defendant's conduct). The "'ultimate question,'" the court concluded "is whether the defendant had 'fair warning' that his conduct deprived his victim of a constitutional right." *Barkes*, 766 F.3d

at 326 (emphasis and alterations in original); *see also Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (noting the characterization of the right as a right to be free from excessive force is cast at too high of a level of generality).

 The above cases establish that Plaintiff must identify a particular right that is sufficiently bounded to give "practical guidance" to prison officials, not broad imperatives such as deliberate indifference to medical needs. Because Plaintiff has failed to do so, State Defendants are immune.

## CONCLUSION

 For the reasons stated above, State Defendants respectfully request that summary judgment be entered in their favor.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

*/s/ Lauren E. Maguire*
Lauren E. Maguire, ID #4261
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Fl.
Wilmington, Delaware 19801
(302) 577-8400

*Attorney for State Defendants*

Dated:  May 21, 2018

# EXHIBIT 1

# In The Matter Of:

*Nash v.*
*Connection CSP, Inc., et al.,*

---

*Anthony Allen Nash*
*August 4, 2017*

---

*Wilcox & Fetzer, Ltd.*
*1330 King Street*
*Wilmington, DE   19801*
*email: depos@wilfet.com, web: www.wilfet.com*
*phone:  302-655-0477, fax:  302-655-0497*



Original File Nash v. Connections 08-04-17 depo of Anthony Nash.txt
**Min-U-Script® with Word Index**

1    him.  It says in the complaint.

2        Q.  Why are you suing him?  I'm asking you

3    now under oath why you're suing him,

4    because --

5        A.  Because he has knowledge.  Because he

6    obtained knowledge of the medical defendants

7    not treating my dental condition after

8    doctors' orders.  I have submitted grievances

9    to him giving him the knowledge, which he

10   denied, and then put the sole priority -- sole

11   decision-making authority onto the dentist,

12   which is not true at all.  He has the sole

13   decision-making authority.

14       Q.  So you were being seen by a dentist

15   here in prison?

16       A.  Yes.

17       Q.  More than one time?

18       A.  Yes.

19       Q.  Currently?

20       A.  Yes.

21       Q.  And you're also being seen by other

22   medical providers.  Correct?

23       A.  Incorrect.  One medical provider with

24   Connections.



## CERTIFICATE OF SERVICE

The undersigned certifies that on May 21, 2018, she caused a copy of the attached

document to be served by U.S. Mail on the following:

Anthony A. Nash
SBI#00364604
Howard R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

Eric Scott Thompson, Esq.
Franklin & Prokopick
300 Delaware Avenue
Suite 1210
Wilmington, DE 19801

Dana Spring Monzo, Esq.
Randall S. MacTough, Esq.
White and Williams, LLP
600 N. King St., Suite 800
Wilmington, DE 19801-3722

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ *Lauren E. Maguire*
Lauren E. Maguire, ID #4261
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Fl.
Wilmington, Delaware 19801
(302) 577-8400

*Attorney for State Defendants*

Dated:  May 21, 2018

11