IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. NASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-896-GMS |
| | ) |
| CONNECTIONS CSP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Anthony A. Nash ("Nash"), an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 3.) Nash appears *pro se* and has paid the filing fee. The operative fifth amended complaint is found at D.I. 83. Presently before the court are several motions filed by the parties. (D.I. 229, 230, 234, 238, 241, 253, 261.)

**I.     MOTION FOR PROTECTIVE ORDER**

The defendant Jason Justison, DMD ("Dr. Justison") seeks a protective order pursuant to Fed. R. Civ. P. 26(c) to protect him from answering discovery and discovery motions filed by Nash beyond the January 22, 2018 discovery deadline. (D.I. 229.) The State defendants Dr. Marc Richman ("Dr. Richman") and C/O Elliott Clark ("Clark") (together "State defendants") and the other medical defendants Connections Community Support Programs, Inc. ("CCSP"), Taurance Bishop, D.D.S. ("Dr. Bishop"), Mikelle Phillips, M.D. ("Dr. Phillips"), Mitchell A. White, P.A. ("White"), Christine Claudio ("Claudio"), Karen Lewis ("Lewis"), Tracey Crews ("Crews"), and Mary Helen Stewart ("Stewart") (the other medical defendants along with Dr. Justison (the "medical defendants")) move to join Dr. Justison's motion. (D.I. 230, 234).

1

The court entered a scheduling and discovery order on October 23, 2017, that provided for all discovery to be initiated so that it would be completed on or before January 22, 2018, and for the service and filing of dispositive motions on or before March 22, 2018. (D.I. 143.) The discovery deadline has not been extended, and dispositive motions have been filed. On April 4, 2018, two months after the expiration of the discovery deadline, Nash propounded a third request for admissions directed to the defendants. (D.I. 222.) In his opposition, Nash argues the defendants need to provide full discovery (D.I. 239), and in his reply he argues that a request for admission under Fed. R. Civ. P. 36 is not a discovery device, but is an "issue narrowing procedure" (D.I. 235). Nash also argues that the defendants have not demonstrated any reasons to warrant a protective order.

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Included in the protections contemplated by Rule 26(c) is a protective order that forbids disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A). This court's practice includes requests for admissions as a means of discovery for purposes of the discovery deadline. Contrary to Nash's position, "it is abundantly clear that 'requests for admission' is a method of discovery under Federal law." *Mine Safety Appliances Co. v. North River Ins. Co.*, 2012 WL 12930389, at *2 (W.D. Pa. Sept. 2, 2012); *see also e.g., Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 460 (3d Cir. 2011) (discovery was quite extensive including 200 separate interrogatories and requests for admission); *Friedman v Live Nation Merch., Inc.*, 833 F.3d 1180, 1185 (9th Cir. 2016) (plaintiff attempted to "sidestep" discovery with regard to the request for admissions dispute); *Millbrook v. United States*, 564 F. App'x 855, 858 (7th Cir. 2014) (plaintiff adequately engaged in discovery by preparing interrogatories and requests for admissions); *Calico Brand,*

*Inc. v. Ameritek Imports, Inc.*, 527 F. App'x 987, 992 (Fed. Cir. 2013) (during discovery plaintiff made concessions in response to requests for admission); *Oklahoma ex rel. Doak v. Acrisure Bus. Outsourcing Services, LLC*, 529 F. App'x 886, 892 (10th Cir. 2013) (lawyers never propounded a request for admission through the discovery cutoff).

As noted in prior orders, the discovery deadline has passed and it has not been extended. Nash has served numerous discovery requests upon the defendants. Requiring the defendants to respond to discovery served upon them after the expiration of the discovery deadline not only places an undue burden upon them, but is also in derogation of this court's October 23, 2017 Order. (*See* D.I. 143.) Therefore, the court will grant the defendants' motions. (D.I. 229, 230, 234.)

## II.   MOTION FOR RECONSIDERATION

On April 30, 2018, the court denied Nash's motion for injunctive relief. (*See* D.I. 233.) In the motion, Nash asked the court to order his removal from the dormitory setting of the Key program and to restore his work status so that he could continue to earn good time credits.[1] (D.I. 217.) Nash seeks reconsideration on the grounds that his reply (D.I. 236), dated April 27, 2018, and received by the court on May 2, 2018, was not considered. (D.I. 238.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

---

[1] The court notes that Nash seeks relief for claims in the motion for injunctive relief that are separate and distinct from the claims raised in the fifth amended complaint.

3

*Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The court has reviewed Nash's reply (D.I. 236), and once again reviewed his motion for injunctive relief and the defendants' opposition. Nash's motion for reconsideration fails on the merits because he has not set forth any intervening changes in the controlling law or clear errors of law or fact made in the order denying his motion for injunctive relief. *See Max's Seafood Café*, 176 F.3d at 677. In addition, the inmate statement attached to the reply does not provide support to warrant the injunctive relief sought by Nash. Therefore, the court will deny the motion for reconsideration. (D.I. 238.)

### III. MOTION FOR COSTS

Nash moves for an order for an award of fees and costs in connection with service of process on the grounds that the medical defendants failed to waive service of summons as set forth in Fed. R. Civ. P. (4). (D.I. 241.) Nash did not proceed *in forma pauperis* until June 27, 2017. (D.I. 116.) He states that he remitted $662.35 in service fees to the United States

4

Marshals Service to effect service. Nash was required to seek personal service when the medical defendants did not waive service, and he was ordered to remit monies to effect service, which he did in the amount of $590.35. (*See* D.I. 53, 80, 85.)

The court will hold a ruling on the motion in abeyance pending the medical defendants' response to Nash's motion. Service fees may be imposed should the medical defendants fail to respond to the motion. *See* Fed. R. Civ. P. 4(d)(2).

## IV. MOTION FOR AN EXTENSION OF TIME

Nash seeks an extension of time to file a response to the defendants' motion for summary judgment. (D.I. 253.) The court will grant the motion and will consider Nash's response, filed June 7, 2018 (D.I. 263), as timely filed.

## V. MOTION FOR SANCTIONS

Nash seeks sanctions against the medical defendants for failure to comply with the court's April 30, 2018 order to produce all discovery withheld on the basis of peer-review privilege. (D.I. 261.) The medical defendants respond they complied with the order, and searched their files for any peer-review materials responsive to Nash's requests, but found none. (D.I. 264.) The medical defendants provided this information to Nash in their supplemental discovery responses. (*See* D.I. 252.)

The medical defendants cannot produce what they do not have. Sanctions are not warranted. Accordingly, the court will deny the motion. (D.I. 261.)

## VI. CONCLUSION

For the above reasons, the court will: (1) grant the defendants' motions for a protective order (D.I. 229, 230, 234); (2) deny Nash's motion for reconsideration (D.I. 238); (3) hold in abeyance a ruling on Nash's motion for costs and order the medical defendants to file a response

5

(D.I. 241; (4) grant Nash's motion for an extension of time; and (5) deny Nash's motion for sanctions (D.I. 261).

    An appropriate order will be entered.

                                                            UNITED STATES DISTRICT JUDGE

July 16, 2018
Wilmington, Delaware